JUDGE BUCHWALD

**13 CIV 2600**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

T.H.

                                                Plaintiff,

-against-

CITY OF NEW YORK AND CORRECTION OFFICER
KIRKTON DALE SHIELD #15759,

                                                Defendants.

COMPLAINT AND
JURY DEMAND

RECEIVED
APR 19 2013
U.S.D.C. S.D.N.Y.
CASHIERS

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2. The claim arises from a February 13, 2012 incident in which Officers with the Department of Correction ("DOC"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, sexual assault, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3)

1

and (4), 1367(a) and the doctrine of pendent jurisdiction.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District.

## PARTIES

8. Plaintiff resided at all times here relevant in Bronx County, City and State of New York.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the Department of Correction (or "DOC"), was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DOC personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the DOC, and for ensuring that the DOC personnel obey the laws of the United States and the State of New York.

10. Correction Officer Dale was, at all times here relevant, a correction officer of the DOC, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Dale was under the command DOC within Manhattan Detention Complex and is sued in his individual capacity.

11. At all times here mentioned defendants were acting under color of state law, to

wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On February 13, 2012, plaintiff was incarcerated at the Manhattan Detention Complex located at 125 White St., New York, NY. Plaintiff was a pre-trial detainee.

14. At approximately 12PM, plaintiff was taken by defendant officer Dale to a storage and office area in the basement of the facility. In this secluded area of the basement, defendant Officer Dale handcuffed plaintiff around a pole, partially undressed him, and sexually molested him. Plaintiff did not consent to the assault.

15. Once returned to his cell area, plaintiff reported the assault to several officials within the facility. He was taken to the clinic and interviewed by a Captain and the Inspector General's Office. An investigation into the incident was conducted.

16. During all of the events above described, defendant acted maliciously and with intent to injure plaintiff.

## DAMAGES

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

b. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e. Physical pain and suffering;

f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g. Loss of liberty.

FIRST CAUSE OF ACTION
42 U.S.C. § 1983

18. The above paragraphs are here incorporated by reference.

19. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, sexual assault and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

20. Plaintiff has been damaged as a result of defendants' wrongful acts.

4

## SECOND CAUSE OF ACTION
False Imprisonment

21. The above paragraphs are here incorporated by reference.

22. During the incident described above, defendant subjected plaintiff to false imprisonment and deprivation of liberty without probable cause.

23. Defendant intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

24. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City, as employer of officer defendant, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

25. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## THIRD CAUSE OF ACTION
Assault and Battery

26. The above paragraphs are here incorporated by reference.

27. Upon approaching plaintiff handcuffing him around a pole and sexually assaulting him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and offensive touching.

28. Defendant engaged in and subjected plaintiff to immediate harmful and offensive touching and battered him without his consent.

29. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's imprisonment and care during this period of time. Defendant City, as employer of officer defendant, is responsible for their wrongdoing under the doctrine of *respondeat*

*superior.*

30. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

FOURTH CAUSE OF ACTION
Municipal Liability 42 U.S.C. §1983

31. The above paragraphs are here incorporated by reference.

32. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

33. The City has been alerted to the regular abuse of inmates by its officers, but has nevertheless exhibited deliberate indifference to such abuse; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

34. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Inspector General, and grievances, that a disturbing number of correction officers use excessive force, unlawfully search and seize inmates, bring charges against inmates with no legal basis, perjure themselves in charging instruments and testimony, use their authority position to sexually abuse inmates and fail to intervene in and report the obviously illegal actions of his fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

35. The investigatory body responsible for monitoring officer behavior, the

Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

36. The City of New York knew or should have known that the officer who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

37. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

38. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

      B.     Awarding plaintiff punitive damages in an amount to be determined by a jury;

      C.     Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

      D.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:
      Brooklyn, New York
      April 16, 2013

Respectfully yours,

By: Nicole Bellina, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Ave. Fl.3
Brooklyn, NY 11217
(718) 852-3710 x103

TO:
      City of New York
      100 Church Street
      New York, NY 10007

      Officer Kirkton Dale